Bij the Court.

In the year 1810, Joseph Dupré, the step son of the plaintiff, now the ap-pellee, died possessed of an estate, part of which he bequeathed to his brother of the half blood John B. Sévére Cloutier, son of the appellee, part to a mulatto woman named Adelaide, , . , . ' the remainder to his natural children.
John B. Severe Cloutier, by his and curator ad litem,- the present appellee, claimed against the will of his brother, and obtained in the Parish Court of Nachitoches a decree declaring null all the legacies, except that made to himself, and recognising him as the heir at law of his deceased brother. In the article concerning the legacy made to himself it was expressed that if he should die without issue, it would revert to the testator’s nearest relation on his mother’s side. The executor of that will was Ambroise Lecomte the present appellant.
John B. Severe Cloutier ,having since' died without posterity, his father, the present ap-pellee, inherited all his estate, and brought this suit against the appellant, as executor of Joseph Dupré, demanding from him all the property which his son had inherited from said Dupré his brother , and which he alledged the appellant unduly .detained from him. To this demand the defendant answers that he is ready to account t© *482 P'alntlff for all sums of money or other property winch is legally entitled to receive out of the succession of Joseph Dupré ; but that he, the appellant, and Marie Lecomte Porter have a right, as the nearest'of kin of the deceased Dupré, by his mother’s side, to retain that portion of Dupré’s estate, which, in case of the death of the son of the ■ plaintiff without issue, was to revert to them.
The matter in issue between the parties is therefore only this : is the defendant entitled to that portion of Dupre’s estate ?
The plaintiff contends that this clause of Du-pré’s will is a substitution, and therefore void, according to the provisions of our Civil Code by which substitutions generally are abolished.
The defendant alledges, 1. that this is a matter already settled in the Parish Court of Naehito-ches, in the suit of "John B. Sévére Cloutier, son of the appellee, against the present plaintiff, executor of the will of Joseph Dupré, where, it was adj udged by that court that the testament of Joseph Dupré was valid in every respect, except as to the legacies made to Adelaide aiid her children ;
2. That the clause of that testament, which provides that, in case of J. B. S. Cloutier’s death without issue, the property bequeathed him- shall revert to his meare st of kin ofi his mother’s side, is not a substitution,and therefore not void in law'.
*483 I. To this case, very simple in its origin, very , . r i • , i , clear in its tacts, the judgment rendered by the Parish Court of Nachitoches in the first suit has given a most singular aspect. It seems to present the extraordinary spectacle of an heir at law and a legatee united in the samp {person, being as heir entitled to the whole estate of hi_s predecessor, and as legatee to a portion of that same whole. That judgment, it is- said, has settled the present con-testation, because it recognises the validity of Dupre’s will in every respect, except the legacies made to Adelaide and her children, and therefore sanctions the clause by which Dupra provided that the legacy by him left to his brother should, id case of his death without issue, revert to his nearest maternal relation.
Without examining what is the real substance of that judgment, and in ■ what light the general tenor of it ought to be viewed, let us see if it call be considered as res judicata in the present case.
“The authority of the thing, judged,” says our Civil Code 314, art. 252, “takes place only “with regard to what has formed.-the object of “ the judgment. The thing demanded must bé “ the same ; the demand must be founded oil “ the same cause, between the same parties, and “ formed by them or against them in the same '“quality.”
If we attempt to apply this rule to the present case, what do we see? Is the thing demanded *484 same ? The general demand in both Suits is ' • . the possession of the estate of Joseph Dupre: in that indeed they seem to be alike ; but in the first, the legacies made to Adelaide and to the natural Children of the testator were the thing demanded, for John B. S. Cloutier, could not demand that which no body denied to him, to wit, the legacy made to himself: while in the second, the sum of money first bequeathed to J. B. S. Clou-tier, and in reversion to the defendant, is the object of contestation. Again, is the demand between the same parties and formed by them or against them in the same quality ? The parties to the first suit were John B. S. Cloutier heir of Joseph Dupré, and Ambroise Lecomte, executor of Dupré’s will, acting as such in defence of the rights of Adelaide and of the natural children of the testator. In this case, although the general principle be that heirs are to be considered as the same parties with their predecessors, it is not very clear that Alexis Cloutier, claiming aright which did not accrue until after the death of his son, is a party acting in the-same quality; but laying that aside, the defendant Lecomte surely is not a party to the present suit in the same capacity in which he was a party to the first ; for here he appears both as executor and as legatee under the will of Dupré, pretending to keep possession of the legacy made reversible to him. Finally, what formed the object of the judgment of the *485 Parish Court of Nachitoches ? Was it any thing else than the legacies to Adelaide and,to the natural children of the testator ? Was there and could there be any thing else at issue between those parties ? The legacy made to John B. S. Cloutier could not be a subject of contest between him and the executor of the will : he was to recei ve that part at all events as his absolute property. He had no interest, and, therefore, no right to put in issue the effect which the clause inserted in that article of the will was to have after his death; and the record, particularly the answer of the present appellant and the judgment of the Parish Court shew that none of the parties ever had the most remote idea of agitating that question. The object of that judgment, therefore, was not the matter ndw in dispute between the present parties and that judgment, far from having here the authority of the thing judged, must be considered as having left untouched’ the very subject of the present contention.
II. As to the second question raised in this case, to wit, whether the clause of Dupre’s will providing that if his brother dies without issue the legacy left to him shall go to the testator’s nearest relation on the side of his mother, bé'a substitution, it is unnecessary to say any thing. That it is a substitution appears upon the face of it ; reasoning upon this would be worse than nugatory.
*486 *s -the opinion of this Court that Alexis Cloutier is entitled to the whole estate left by Joseph Dupré; and it is accordingly adjudged arid decreed that the judgment of the District Court be affirmed : and in addition to it, it is farther adjudged and deóreed that the appellant do give to the appellee a true and faithful account of his administration of the said estate, and deliver him all sums of money or other property belonging to the same.